**In re Ronald D. SCHOENWALD and Charles F. Barfknecht.**

No. 91–1421.

United States Court of Appeals, Federal Circuit.

May 12, 1992.

Edmund J. Sease, Zarley, McKee, Thomte, Voorhees & Sease, Des Moines, Iowa, argued, for appellant.

Fred E. McKelvey, Sol., Office of the Sol., Arlington, Va., argued, for appellee. With him on the brief were Richard E. Schafer, Associate Sol. and Joseph G. Piccolo, Asst. Sol.

Before NEWMAN, ARCHER, and MAYER, Circuit Judges.

MAYER, Circuit Judge.

Ronald D. Schoenwald and Charles F. Barfknecht appeal from a decision of the Patent and Trademark Office Board of Patent Appeals and Interferences which affirmed the rejection of Claim 9 of Patent Application No. 257,826 for anticipation. Appeal No. 89–3349 (Dec. 17, 1990). We affirm.

*Background*

The application was filed on October 14, 1988, and claimed compounds which are used in ophthalmic compositions to treat dry eye syndrome. Claim 9, the only remaining claim, is to the most preferred compound, N–cyclohexyl–N–methyl–2–phenylethylamine, and its biologically acceptable salt forms.

As its name implies, dry eye syndrome is caused by a disruption in normal tear production, resulting in "dry eyes." Previously, dry eye syndrome could only be treated by lubricating the eyes with artificial tear substitutes. This treatment was unsatisfactory because artificial tears dry quickly, and a sufferer of dry eye syndrome would have to apply the lubricant continually, as often as once an hour. In contrast, Schoenwald began using the compound set out in Claim 9, among others, as "tear stimulants" which, when applied topically to the eye, stimulate the lacrimal glands so they produce natural tears, eliminating the need for repeated reapplication. This method of treatment was claimed in the parent of the present application which resulted, on April 11, 1989, in U.S. Patent 4,820,737.

The Patent and Trademark Office Board of Patent Appeals and Interferences affirmed the examiner's rejection of Claim 9 as anticipated under 35 U.S.C. § 102(b) (1988) by a printed publication, Bumgardner et al., *J. Org. Chem.*, Vol. 44, No. 14, "Reactions of Alkylbenzyldimethylammonium Halides with Amide in Liquid Ammonia," pages 2348–54 (1979) (Bumgardner). Schoenwald does not dispute that the compound of Claim 9 is adequately described and enabled by Table 1, Scheme III and page 2353 of Bumgardner. Nor does he dispute that Bumgardner does not disclose

a utility for the compound. His argument is that a reference must disclose a utility before it can be an anticipatory reference under section 102(b). Relying on *In re Hafner*, 410 F.2d 1403, 161 USPQ 783 (CCPA 1969), and its progeny, the board held that it need not.

### Discussion

■ Paramount among the patentability requirements is that that which is sought to be patented must be new. *Titanium Metals Corp. of America v. Banner*, 778 F.2d 775, 780, 227 USPQ 773, 777 (Fed.Cir. 1985). Simply put, the compound claimed by Schoenwald is not new. Under section 102(b), one is not entitled to a patent on a compound if it "was patented or described in a printed publication in this or a foreign country ... more than one year prior to the date of the application for patent in the United States." Phrased differently, section 102(b) prohibits the patenting of a compound if it is anticipated by a prior printed publication. While the mere naming of a compound may not be enough for anticipation, a reference which describes and enables has been held sufficient. *In re Wiggins*, 488 F.2d 538, 543, 179 USPQ 421, 425 (CCPA 1973), *In re Brown*, 329 F.2d 1006, 1011, 141 USPQ 245, 249 (CCPA 1964). But Schoenwald would go further: he argues that an anticipatory reference must also disclose a use.

Even before the 1952 Patent Act, the Supreme Court stated, "If A without mentioning the element of strength patented a bulb which was extra strong, B could not obtain a patent on the bulb because of its strength, though he was the first to recognize that feature of it." *General Elec. Co. v. Jewel Incandescent Lamp Co.*, 326 U.S. 242, 247, 66 S.Ct. 81, 83, 90 L.Ed. 43 (1945). Accordingly, the Court invalidated a patent for a frosted light bulb because the prior art disclosed the bulb's design, even though the prior art did not disclose the property of the bulb that made it useful, its strength.

[The patentee] found latent qualities in an old discovery and adapted it to a useful end. But that did not advance the frontiers of science in this narrow field

so as to satisfy the exacting standards of our patent system. Where there has been use of an article or where the method of its manufacture is known, more than a new advantage of the product must be discovered in order to claim invention.

*Id.* at 248, 66 S.Ct. at 84. *See also In re Thuau*, 135 F.2d 344, 346, 57 USPQ 324, 325 (CCPA 1943) (it is "contrary to the letter of the patent laws that patents should be granted for old compositions of matter based upon new uses").

■ The first case to address the issue under the 1952 Patent Act was *In re Hafner*, 410 F.2d 1403, 161 USPQ 783. Appellants argue that we should ignore *Hafner* because the pertinent language is dictum, *Hafner* is a section 112 case, or it is simply incorrect. In that case, applicant attempted to claim the priority date of his two prior German patent applications. But, subsequent to the German filing date, an article by one Arnold discussing the alleged invention and one of Hafner's German patent applications were published. Because neither publication taught the public "how to use" the invention, the court held that they were not "enabling" under section 112. Therefore, the applicant was not entitled to the priority date of the German applications. However, the court held the Hafner and Arnold publications were anticipatory references under section 102. Applicant remonstrated that the Patent Office's policy of requiring disclosure of utility to obtain a patent, but not to anticipate an application, is "inconsistent and unfair." Appellants here argue likewise: "What constitutes the measure of 'the invention' to determine whether what is claimed is a legally recognizable invention *must* also constitute 'the invention' for determining whether something lacks novelty under 35 U.S.C. 102(b)." The *Hafner* court responded,

In essence, appellant is contending that a double standard should not be applied in determining the adequacy of a disclosure to anticipate under § 102, on the one hand, and to support the patentability of a claim under § 112 on the other. He

feels that a disclosure adequate for the one purpose is necessarily adequate for the other but, unhappily for him, this is not so. As we shall develop, a disclosure lacking a teaching of how to use a fully disclosed compound for a specific, substantial utility or of how to use for such purpose a compound produced by a fully disclosed process is, under the present state of the law, entirely adequate to anticipate a claim to either the product or the process and, at the same time, entirely inadequate to support the allowance of such a claim.

*Id.* at 1405, 161 USPQ at 785 (footnotes omitted). This discussion was not dictum because by adhering to the rule that utility need not be disclosed to anticipate a claim to a compound, but must be for enablement, the rejection of applicant's claims was affirmed. To the same effect were *In re Samour,* 571 F.2d 559, 563, 197 USPQ 1, 5 (CCPA 1978) ("Appellant's further argument that 'some practical utility' for [the invention] must be disclosed in the prior art before [the prior art reference] can serve as a statutory bar ... is also not persuasive"), and *In re Donohue,* 632 F.2d 123, 126 n. 6, 207 USPQ 196, 199 n. 6 (CCPA 1980) ("proof of utility is not a prerequisite to availability of a prior art reference under 35 U.S.C. § 102(b)").

Only recently, this court reiterated, "The discovery of a new property or use of a previously known composition, even when that property and use are unobvious from the prior art, can not impart patentability to claims to the known composition." *In re Spada,* 911 F.2d 705, 708, 15 USPQ2d 1655, 1657 (Fed.Cir.1990). The facts there were similar to this case in that the board found that Spada's polymer composition appeared to be identical to the prior art. As we discussed, *id.* at 709, 15 USPQ2d at 1658:

> discovery of an unobvious property and use does not overcome the statutory restraint of section 102 when the claimed composition is known. While Spada's position is that his polymers are not anticipated by the polymers of Smith because their properties are different, Spada was reasonably required to show that his polymer compositions are different from

those described by Smith. This burden was not met by simply including the assertedly different properties in the claims. When the claimed compositions are not novel they are not rendered patentable by recitation of properties, whether or not these properties are shown or suggested in the prior art.

So it is beyond argument that no utility need be disclosed for a reference to be anticipatory of a claim to an old compound. The compound appellants are attempting to patent is not new—the use they discovered is, and they received a method patent for that. Their complaint that this is insufficient because their reward should be consistent with the full extent of their contribution is hollow. Their contribution was finding a use for the compound, not discovering the compound itself. Therefore they are being rewarded fully for their contribution; any more would be a gratuity.

### Conclusion

Accordingly, the decision of the board is affirmed.

AFFIRMED.